UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INSUTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CARPETERS RELIEF AND CHARITY FUND,
THE CARPENTER CONTRACTOR ALLIANCE
OF METROPOLITAN NEW YORK, and the
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS,
```

Petitioners,

-against-

APS CONTRACTORS, INC.,

Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2023

1:22-cv-8203 (MKV)

**ORDER CONFIRMING
ARBITRATION AWARD**

MARY KAY VYSKOCIL, United States District Judge:

This case involves an unopposed request to confirm an arbitration award. The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York, and the New York City District Council of Carpenters ("Petitioners") filed a Petition to Confirm an Arbitration Award against APS Contractors, Inc. ("APS" or "Respondent") [ECF No. 1] ("Petition"), and served APS with the Petition. [ECF No. 7]. APS has never appeared or otherwise responded to the Petition. Petitioners requested that the petition be deemed an unopposed motion for summary judgment. [ECF No. 9]. Since that time, neither Party has taken any action in this matter. For the reasons discussed herein, the Court treats the Petition as an unopposed motion and grants summary judgment in favor of Petitioners.

## BACKGROUND

Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with" the Employee Retirement Income Security Act ("ERISA"). Petition ¶ 4. Trustees of the New York City District Council of Carpenters Relief and Charity Fund are trustees of a New York charitable organization. Petition ¶ 5. Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation. Petition ¶ 6. New York City District Council of Carpenters is a labor organization that is the certified bargaining representative for "certain employees of the Respondent." Petition ¶ 7.

APS is a corporation incorporated under the laws of the State of New Jersey, performing work in the construction industry in the State of New York. Petition ¶ 8. On March 21, 2016, APS agreed to be bound by a Project Labor Agreement (the "PLA") and a collective bargaining agreement (the "CBA"), which required APS to contribute to the Petitioner funds. Petition ¶¶ 11-17. Petitioners bring this action seeking the confirmation of an arbitral award arising out of the failure of APS to contribute to the required funds from May 26, 2017 through December 31, 2018. Petition ¶ 24.

## LEGAL STANDARD

Petitioners request confirmation of the arbitration award pursuant to Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Petition ¶ 1. Judicial "review of an arbitration award under the LMRA is . . . very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (internal quotation marks omitted). Thus, "unless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the

contract and suggested remedies." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15-cv-781, 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (internal quotation marks omitted).

When a petition to confirm an arbitration award is unopposed, district courts must generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). For that reason, the Second Circuit has held that the "default judgments in confirmation/vacatur proceedings are generally inappropriate." *Id.* While the Court accepts the unopposed facts stated in the record and petition as true, an unopposed confirmation petition "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a mater of law." *Id.* at 110.

## DISCUSSION

The documents and instruments governing the funds together required APS to contribute to the Petitioner funds. Petition ¶¶ 11-17. When APS did not, Petitioner invoked the arbitration clauses in the agreements and initiated an arbitration proceeding. Petition ¶ 26. After a hearing, the arbitrator awarded Petitioners delinquent contributions, interest, liquidated damages, underlying attorneys' fees and costs, for a total of $6,371.77. Petition ¶ 28.

After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award. There is no reason to believe that Petitioners procured their Award through fraud or dishonesty, or that the Arbitrator acted outside the scope of his authority as arbitrator. Rather, the record indicates that the Arbitrator based his award on undisputed evidence that Respondent failed to remit accurate and timely contributions to Petitioners in violation of the relevant agreements. [ECF No. 1-10] ("Award") at 2.

As a result, the Court grants Petitioner's motion and confirms the Award, including pre-judgment interest at the 5.5% rate granted by the arbitrator. *See* Award at 2. Post-judgment interest shall accrue, at the statutory rate prescribed by 28 U.S.C. § 1961, from the date judgment is entered until payment is made. *See True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) ("Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (internal quotation marks omitted) (alterations adopted)).

The Court also awards Petitioners' requested attorneys' fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Counsel of record in this matter has provided an hourly accounting of time spent preparing the petition and filings, which the Court has reviewed and deems reasonable.

Accordingly, the Court grants Petitioner's unopposed Petition to confirm the entire Award. Petitioners are directed to file their Proposed Judgment by August 21, 2023.

**SO ORDERED.**

**Date:  August 14, 2023**                                    _____
**      New York, NY**                                        **MARY KAY VYSKOCIL**
                                                              **United States District Judge**